UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE DOUGLAS METZ, II,

    Plaintiff,

v.

RANDALL STERLING and
CHARLOTTE COUNTY
GOVERNMENT,

    Defendants.

Case No.:   2:20-cv-709-FtM-38NPM

/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Randall Sterling's Motion to Dismiss Plaintiff's Complaint and Jury Demand filed on September 21, 2020. (Doc. 9). Plaintiff George Douglas Metz, II ("Metz") responded in opposition on October 5, 2020. (Doc. 13). For the following reasons, the Court finds the Complaint is due to be dismissed.

This is a federal civil rights action. Metz alleges Defendants[2] violated his constitutional rights by prohibiting him from video recording the inside of a Driver Motor Vehicle building and issuing him a trespass warning. Defendant Randall

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Notably, it is unclear from Plaintiff's allegations whether he intends to sue the County or the Charlotte County Sherriff.  Plaintiff must make this clear on the next iteration of the Complaint.

Sterling moves to dismiss for failure to state a claim. (Doc. 9). However, because the Complaint constitutes an impermissible shotgun pleading, the Court must intervene *sua sponte* and order repleader. *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (abrogated on other grounds).

Federal Rules of Civil Procedure 8 and 10 set the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10(b) says "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Problems arise when a plaintiff does not follow these rules. And a shotgun pleading is such a problem.

There are four impermissible shotgun pleadings, three of which are at issue here. The first type is when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (footnote omitted). The next shotgun pleading is "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1322. And the final shotgun pleading "assert[s] claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1323.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). They "waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts." *Id.* (internal quotes and citation omitted). And they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (footnote omitted). While *pro se* litigant pleadings are held "to a less stringent standard than pleadings drafted by attorneys[,]" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), courts are under no duty to "rewrite" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children and Families*, 256 F. App'x. 326, 327 (11th Cir. 2007). (citation omitted). A *pro se* litigant must still follow the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted).

The Complaint is a textbook shotgun pleading. First, Plaintiff does not clearly separate each cause of action into a separate count for relief. As best the Court can tell, Plaintiff brings claims under the First and Fourteenth Amendments. Yet these claims are blended under one subheading and it is hard to determine which facts support which claims for relief. Next, Plaintiff's Complaint has a pattern of incorporating all the preceding allegations into each separate subheading. And the Complaint mixes claims against the two Defendants without specifying which Defendant is responsible for which acts or omissions under each

count. Thus, Defendants (and the Court) cannot understand the allegations and claims. Plaintiff must replead his claims and cure these deficiencies.[3]

As a final matter, the Court directs Plaintiff to the service rules under Federal Rule of Civil Procedure 4. Upon filing an amended complaint, Plaintiff must properly serve the named Defendants within fourteen (14) days and file proof of service with the Court. *See* Fed. R. Civ. P. 4(l) and (m).

Accordingly, it is now

**ORDERED:**

1. Defendant Randall Sterling's Motion to Dismiss Plaintiff's Complaint and Jury Demand (Doc. 9) is **GRANTED to the limited extent the Complaint is a shotgun pleading**.

2. The Complaint is **DISMISSED** (Doc. 1) **without prejudice**. Plaintiff may file an Amended Complaint consistent with this Order **on or before October 20, 2020. Failure to do so will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 6, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] The Complaint also includes legal argument, such as a discussion on qualified immunity. Because this is improper, Plaintiff must eliminate any argument from his next pleading. *See Antoine v. Sch. Bd. of Collier Cty., Fla.*, No. 2:16-CV-379-FTM-38MRM, 2019 WL 913358, at *1 (M.D. Fla. Feb. 25, 2019) (citation omitted).